LINDA MILLER SAVITT, SBN 94164
lsavitt@brgslaw.com
DAVID J. FISHMAN, SBN 217608
dfishman@brgslaw.com
STEPHANIE B. KANTOR
skantor@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436
Telephone:  (818) 508-3700
Facsimile:   (818) 506-4827

Attorneys for Defendant
CENTENE CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMELDA MATEL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CENTENE CORPORATION, and Does 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MARY-KATHERINE KUTAC AND DAVID FISHMAN**<br><br>[Marin County Superior Court Case No. CIV 1904610]<br><br>Action Filed:  January 7, 2020<br>Trial Date:     Not Set |

786477.1

1

Defendant CENTENE CORPORATION ("Defendant") states as follows:

1. On January 7, 2020, Plaintiff IMELDA MATEL ("Plaintiff") filed her Complaint in the above-entitled civil action in the Superior Court for the State of California, County of Marin, Case No. CIV1904610, which is presently pending against Defendant ("Superior Court Action").

2. Defendant was served with the Superior Court Action on January 8, 2020, when its agent for service of process received a copy of the Summons and Complaint. True and correct copies of the Summons and Complaint are attached as Exhibit "A".

3. Defendant filed its Answer to the Superior Court Action on February 5, 2020. A true and correct copy of the Answer filed by Defendant in the Superior Court Action is attached as Exhibit "B".

4. Defendant is informed and believes that none of the purported Doe Defendants have been served with the Summons and Complaint.

5. The Summons and Complaint by Plaintiff (Exhibit "A"), and the Answer filed by Defendant (Exhibit "B") constitute all of the process, pleadings and orders which Defendant has knowledge of being filed in the Superior Court Action.

6. Plaintiff's Superior Court Action is a civil action over which this District Court has original subject matter jurisdiction under 28 U.S.C. § 1441(b) based upon complete diversity of citizenship and an amount in controversy between the parties exceeding the sum of $75,000, exclusive of interest and costs. The action may properly be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because:

   a. At the time of the commencement of this action and at all times since, Defendant was, and continues to be, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in St. Louis, Missouri. St. Louis, Missouri is where Defendant's corporate headquarters are located, where Defendant's corporate officers direct, control and coordinate the corporation's

activities, and where Defendant's corporate records are maintained. Defendant is a citizen of the States of Delaware and Missouri under 28 U.S.C. § 1332(c), and is not a citizen of the State of California. (Kutac Declaration, ¶¶ 2-3; Complaint ¶ 2.)

   b. Defendant is informed and believes and thereon alleges that at the time of the commencement of this action and at all times since, Plaintiff was, and continues to be, a citizen of the State of California. (Complaint, ¶ 1.)

   c. Although unidentified fictitious "Doe" Defendants are alleged in Plaintiff's Complaint, 28 U.S.C. § 1441(a) provides, in pertinent part, that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

   d. Because Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Missouri, complete diversity exists between Plaintiff and Defendant in this action.

   e. For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. Plaintiff sent a settlement demand on February 3, 2020, in which he stated a "settlement demand for $500,000." (Declaration of David Fishman, "Fishman Decl.", ¶5, Exh. C.) By Plaintiff's own admission, the amount of controversy requirement is met. In addition to the settlement demand, the Complaint alleges that Defendant "forced Plaintiff onto leave without pay" for "over a year" beginning in October 2018, and then constructively terminated Plaintiff in October 2019 (Exh. A, Complaint, ¶¶21, 22, 25, 27, 100). Based on the allegations in the Complaint, Plaintiff seeks to recover loss of salary and benefits for these allegedly retaliatory and discriminatory acts. (*Id.*, ¶¶ 33, 46, 47, 54, 65, 70, 78, 86, 93, 102, 110, 118, Prayer ¶ A.) At the time Plaintiff commenced her leave without pay in October 2018, her salary was approximately $93,051.25 per year, plus benefits (Kutac Decl., ¶ 4). Beginning June 23, 2019, and at the time of Plaintiff's alleged constructive termination, Plaintiff's salary was approximately $95,377.53 per year, plus benefits

(*Id.*). Defendant estimates that Plaintiff will assert that her lost wages and other benefits to date are over $128,527 and by the time of trial in this action over $223,900. Plaintiff further seeks to recover emotional distress damages, punitive damages, and attorney's fees (Exh. A, Complaint ¶¶ 33, 34, 35, 46, 47, 48, 55, 56, 57, 65, 72, 73, 74, 79, 80, 81, 82, 87, 88, 89, 90, 94, 95, 96, 97, 103, 104, 105, 106, 111, 112, 113, 114, 118, 119, 120, Prayer ¶¶ D, E, L).

Each of these items must be considered when determining the amount in controversy. In light of the allegations in the Complaint and the attached Declaration of Mary-Katherine Kutac, the amount in controversy herein is well in excess of $75,000, exclusive of interest and costs.

7. This District Court has jurisdiction over all the parties, and its territorial jurisdiction embraces the place where the Superior Court Action is pending.

WHEREFORE, Defendant prays that the Superior Court Action be removed from the Marin County Superior Court to this District Court.

DATED: February 7, 2020   BALLARD ROSENBERG GOLPER & SAVITT, LLP

By: _____
DAVID J. FISHMAN
STEPHANIE B. KANTOR
Attorneys for Defendant CENTENE CORPORATION.

I certify under Fed. R. Civ. P. 11 that the foregoing is true and correct to the best of my knowledge.

DATED: February 7, 2020   BALLARD ROSENBERG GOLPER & SAVITT, LLP

By: _____
DAVID J. FISHMAN
STEPHANIE B. KANTOR
Attorneys for Defendant CENTENE CORPORATION

786477.1

4

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF REMOVAL

## I. INTRODUCTION

Plaintiff alleges ten causes of action in her Complaint: (1) negligence; (2) failure to take all reasonable steps to prevent harassment and retaliation; (3) violation of California Unfair Competition Law; (4) disability discrimination; (5) disability harassment; (6) wrongful constructive termination in violation of the Fair Employment & Housing Act; (7) wrongful constructive termination in violation of public policy; (8) retaliation in violation of Labor Code §98.6; (9) retaliation in violation of Labor Code §1102.5; and (10) intentional infliction of emotional distress. This case is properly removed to this District Court on the basis of diversity. There is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## II. PLAINTIFF'S SUPERIOR COURT ACTION CAN BE REMOVED BASED ON DIVERSITY

Federal law confers upon district courts original jurisdiction in civil actions between citizens of different states in controversies which exceed the sum of $75,000, exclusive of interest and costs. (28 U.S.C. § 1332.) An action meeting the requirements of 28 U.S.C. § 1332 may be removed to a district court pursuant to 28 U.S.C. § 1441(b).

### A. There is Complete Diversity Between Plaintiff and Defendant

A corporation is considered a "citizen" for diversity purposes both of the state of its incorporation, and of the state where it has its principal place of business. (28 U.S.C. § 1332(c)(1).) Both at the commencement of this action and at the present time, Defendant was incorporated in the State of Delaware, and had its principal place of business in St. Louis, Missouri. (Kutac Decl., ¶¶ 2-3, Exh. A, Complaint, ¶ 2.)

In *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010), the Supreme Court held that a corporation's principal place of business for diversity

purposes is the place where a corporation's officers direct, control and coordinate the corporation's activities. (*Id.* at 1192.) As explained in *Hertz*:

> "And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." (*Id.*)

In *Hertz*, respondents, California citizens, sued petitioner Hertz Corporation in a California state court for alleged state law violations. Hertz removed the case to federal court under 28 U.S.C. §§ 1332(d)(2), 1441(a) based on diversity. Respondents argued that Hertz was a California citizen and diversity jurisdiction was lacking under § 1332(c)(1). To show that its principal place of business was in New Jersey, not California, Hertz submitted a declaration stating that it operated facilities in 44 States, that California accounted for only a portion of its business activity, that its leadership was at its corporate headquarters in New Jersey, and that its core executive and administrative functions were primarily carried out there. (*Id* at 1183.) The district court concluded that it lacked diversity jurisdiction because Hertz was a California citizen under prior Ninth Circuit precedent. Finding that California was Hertz's principal place of business because a plurality of the relevant business activity occurred there, the district court remanded the case to state court. The Ninth Circuit affirmed. (*Id.*)

The Supreme Court reversed. Applying the "nerve center test," the Supreme Court held that the petitioner's declaration adequately demonstrated that Hertz's center of direction, control and coordination, or its "nerve center" was located in New Jersey, not California. (*Id.* at 1195.)

Here, Defendant is incorporated in Delaware. Defendant's corporate headquarters are located in St. Louis, Missouri, where its corporate officers direct,

control, and coordinate the corporation's activities, and where Defendant's corporate records are maintained. (Kutac Decl., ¶¶ 2-3, Exh. A, Complaint, ¶ 2.) Thus, Defendant is a citizen of Delaware and Missouri, and there is complete diversity of citizenship.

### B. The Amount in Controversy Exceeds $75,000

In addition to there being complete diversity of citizenship, the Plaintiff's demand and the Complaint establish that the amount in controversy exceeds $75,000, exclusive of costs and interest. In *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Circuit 1997), the Ninth Circuit discussed how to determine the amount in controversy where, as here, the Complaint does not allege a specific sum of damages for each plaintiff. The defendant's burden is met where it is "facially apparent from the complaint" that the amount in controversy exceeds $75,000, or where such facts are set forth in the removal papers. *Id.*, at 377; *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998).

Where damages are not specified in the pleadings, the court may rely on written settlement demands to establish the amount in controversy. To determine the amount in controversy for diversity purposes, courts have historically considered settlement demands in spite of the fact that they constitute confidential communications in other contexts. Consider, for example, *Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002), where the Ninth Circuit held $100,000 settlement offer from the plaintiff alone was sufficient to meet the $75,000 threshold for removal. *Id.* at 840 ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."). "If damages are not clearly specified in the pleadings, the court may rely upon a variety of documents, including written settlement demands" to determine diversity. *Arellano v. Home Depot, U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1108 (S.D. Cal. 2003); *Benjamin v. Wiline Networks, Inc.*, 2018 U.S. Dist. LEXIS 54220, *13 (N.D. Cal. 2018) (finding that the settlement demand is relevant evidence of the amount in controversy, and denying Plaintiff's motion to remand.) Here, Plaintiff sent a settlement demand on February 3, 2020, in which

he stated a "settlement demand for $500,000." (Fishman Decl., ¶5, Exh. C.) By Plaintiff's own admission, the amount of controversy requirement is met. Indeed, Plaintiff's settlement offer of $500,000 well exceeds the $75,000 amount in controversy threshold.

In addition to the settlement demand, the Complaint alleges that Defendant "forced Plaintiff onto leave without pay" for "over a year" beginning in October 2018, and then constructively terminated Plaintiff in October 2019 (Exh. A, Complaint, ¶¶21, 22, 25, 27, 100). Plaintiff seeks to recover lost wages and other employment benefits as a result of these acts. (Id., ¶¶ 33, 46, 47, 54, 65, 70, 78, 86, 93, 102, 110, 118, Prayer ¶ A.) At the time Plaintiff commenced her leave without pay in October 2018, her salary was approximately $93,051.25 per year, plus benefits (Kutac Decl., ¶ 4). Beginning June 23, 2019, and at the time of Plaintiff's alleged constructive termination, Plaintiff's salary was approximately $95,377.53 per year, plus benefits (*Id.*). Defendant estimates that Plaintiff will assert that her lost wages and other benefits to date are over $128,527 and by the time of trial in this action over $223,900.

Plaintiff further seeks to recover emotional distress damages, punitive damages, and attorney's fees (Exh. A, Complaint ¶¶ 33, 34, 35, 46, 47, 48, 55, 56, 57, 65, 72, 73, 74, 79, 80, 81, 82, 87, 88, 89, 90, 94, 95, 96, 97, 103, 104, 105, 106, 111, 112, 113, 114, 118, 119, 120, Prayer ¶¶ D, E, L). Each of these items must be considered when determining whether the amount in controversy exceeds $75,000. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943); *Goldberg v. CPC Int'l*, 678 F.2d 1365, 1367 (9th Cir. 1982). California law places no maximum dollar figure on the amount of such damages a successful plaintiff can recover. Courts have affirmed awards for emotional distress damages, punitive damages and attorney's fees in FEHA cases far in excess of $75,000. *See, e.g., Vo v. Las Virgenes Municipal Water Dist.*, 79 Cal.App.4th 440, 442, 94 Cal.Rptr.2d 143 (2002) (affirming $470,000 award of attorney's fees under FEHA); *Bihun v. AT&T Information Sys.*, 13 Cal.App.4th 976, 997, 16 Cal.Rptr.2d 787 (1993) ("The award of $662,000 for emotional distress [under FEHA] is well within the range of awards

in similar cases."); *Stephens v. Coldwell Banker Commercial Group*, 199 Cal.App.3d 1394, 1402-05, 245 Cal.Rptr. 606 (1988) (affirming emotional distress damages of $100,000 and punitive damages of $200,000 in FEHA case).

Based on the allegations in the Complaint, the nature of the relief requested by Plaintiff, and the information contained in the Declarations of Mary-Katherine Kutac and David Fishman, Defendant respectfully submits that the amount in controversy herein, exclusive of interest and costs, is well in excess of $75,000. Accordingly, this matter is properly removable based on diversity jurisdiction.

## III. **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully submits that Plaintiff's Superior Court Action is properly removable to this District Court.

DATED: February 7, 2020

BALLARD ROSENBERG GOLPER & SAVITT, LLP

By: _____
DAVID J. FISHMAN
STEPHANIE B. KANTOR
Attorneys for Defendant CENTENE CORPORATION

786477.1

9